Jerome B. E. Wolff, J.
The crux of the appeal is in reference to paragraph 2 of the lease which reads as follows: ' ‘ That the Tenant shall take good care of the premises and shall, at the Tenant’s own cost and expense make all repairs except major structural repairs, which repairs shall be made by the landlord at his cost and expense. In addition the parties hereto agree that all remodeling done by the landlord in conformance with the tenant’s request prior to tenant’s taking possession shall be shared equally by the landlord and tenant with the exception that the tenant agrees to pay no more than Four Hundred Fifty ($450.00) as its proportionate expense for the new heating unit to be placed in said premises, and at the end or other expiration of the term, shall deliver up the demised premises in good order or condition, damages by the element excepted.”
Upon the trial, the landlord objected to parol evidence being used in reference to the remodeling of the premises of the landlord prior to the execution of the lease and after the tenant took possession. The appellant’s contention is that parol evidence cannot be used to vary the terms of a written lease. In this particular case the controversy between the landlord and tenant was as to the amount of remodeling that was done by either the landlord or tenant, and the total cost of the remodeling, and the proportionate share of the landlord and tenant. It is true that where a written instrument is in evidence, parol evidence cannot be used to vary or modify the terms of the written instrument.
In Loomis v. New York Cent. & Hudson Riv. R. R. Co. (203 N. Y. 359, 367) “ In order to prevent fraud, perjury and mistake, one of the primary rules of evidence forbids that a written contract should be varied by evidence of previous conversations o,r unsigned memoranda, which are all conclusively presumed to be embodied in the written instrument expressing the final meeting of the minds of the parties ”.
The instant case is not an example of a collateral agreement such as was decided in Mitchill v. Lath (247 N. Y. 377) or where the landlord supplied a service on a voluntary basis as in Fogelson v. Rackfay Constr. Co. (300 N. Y. 334) nor is it the question of ambiguity in the terms of the lease or a question concerning custom or usage.
Paragraph 2 of the lease is quite explicit: the latter part of the paragraph is explicit in that the tenant agrees to pay no more than $450, a stated sum, as its proportionate share f'or a new heating unit. In the testimony before the court this question was undisputed, even though the cost of the new heating plant far exceeded the sum of $900.
*576 The other part of the paragraph in the lease is explicit, insofar as it states that all remodeling done by the landlord will be in conformance with the tenant’s request, and shall be shared equally by the landlord and tenant. In the instant case the remodeling began prior to the possession by the tenant, but was delayed somewhat and the remodeling continued even after possession by the tenant. The amount of time involved for the remodeling is of no particular consequence to the pertinent decision in this case. As the testimony unfolded in the trial, the question that became most apparent was as to the total cost of the remodeling and how much was performed by the tenant and how much of it was performed by the landlord. The dispute arose as to the extent of remodeling and what remodeling actually was requested by the tenant. The testimony became rather vague in certain instances as to how much the landlord had expended for remodeling, and also as to what the initial plan was in remodeling and reconstructing the landlord’s premises in conformity with the tenant’s request. The tenant interposed a counterclaim on the grounds that he had proceeded to complete the remodeling at his own expense after the landlord had ceased to work on the premises.
The introduction of parol evidence in order to ascertain the cost of remodeling, the request by the tenant, what plans or what specific instructions had been given, and the amount of expenses that the tenant incurred in the reconstruction of the premises, did not vary or modify the terms of the lease. There was not any collateral agreement or condition precedent which should have been inserted in the lease, which in turn would have necessitated a preclusion of parol evidence. To hold that parol evidence could not be introduced in order to inform the court of the factual situation surrounding the work performed and the total expenses would have placed the court in the position of not being able to decide the case at all.
The landlord, at the time of the preparation of this lease, should have had an estimate made to some extent as to the cost of remodeling. Evidently, he took this position as to the cost of installing a new heating unit since, in that particular instance, the amount was specified as to the tenant’s proportionate share regardless of the total cost.
An action for default in payment of rent cannot be maintained by the landlord when he retains three successive rent checks from the tenant, even though he has not cashed them.
The mere retention of the checks does not place the landlord in a technical position where he can now claim a default in payment of rent. The judgment is hereby affirmed.